IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| | ) Civil Action No. |
| v. | ) ) |
| | ) COMPLAINT |
| PNC FINANCIAL SERVICES GROUP, INC., (doing business as PNC Bank, N.A.) | ) JURY TRIAL DEMAND ) ) |
| Defendant. | ) |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 ("Title VII") to correct unlawful employment practices on the basis of sex (pregnancy) and to provide appropriate relief to Talisha P. Rutherford who was adversely affected by such practices. As articulated with greater particularity in Paragraph 8 below, the Commission alleges that Defendant PNC Bank ("Defendant") discriminated against Ms. Rutherford on the basis of her sex (pregnancy) when she was denied hire as a full-time Teller for Defendant's Fifth Avenue, Pittsburgh, Pennsylvania location. As a consequence of the discriminatory failure to hire, Ms. Rutherford suffered damages, including severe emotional distress and backpay losses.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3), as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

3. The employment practices alleged to be unlawful were committed within the

jurisdiction of the United States District Court for the Western District of Pennsylvania.

## PARTIES

4. Plaintiff, the Equal Employment Opportunity Commission ("Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3), 42 U.S.C. §§ 2000e-5(f)(1) and (3).

5. At all relevant times, Defendant, PNC Financial Services Group, Inc. (doing business as PNC Bank, N.A.), a financial services company and retail bank, with a branch bank located in Pittsburgh, Pennsylvania, has been doing business in the State of Pennsylvania, and has continuously had at least 15 employees.

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the initiation of this lawsuit, Talisha P. Rutherford filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least August 2005, Defendant has engaged in unlawful employment practices at its Pittsburgh, Pennsylvania branch bank in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1). Specifically, the Commission alleges that Defendant discriminated against Talisha P. Rutherford on the basis of her sex (pregnancy) when Defendant failed to hire her for one of at least two available Bank Teller positions at Defendant's Fifth Avenue, Pittsburgh, Pennsylvania bank

2

branch as follows:

(a) On or about August 17, 2005, Talisha P. Rutherford applied for a full-time Bank Teller position at Defendant's Fifth Avenue branch office in downtown Pittsburgh through Defendant's Recruiter, Victoria Kingsley. Ms. Kingsley was aware that Ms. Rutherford was pregnant at the time of her application.

(b) Ms. Rutherford was almost six (6) months pregnant at the time of her application.

(c) Ms. Rutherford informed Ms. Kingsley that she was aware that Defendant's Fifth Avenue branch had or was about to have two full-time Bank Teller position vacancies due to one employee's retirement and another employee's transfer. Ms. Kingsley confirmed that information.

(d) Ms. Rutherford was well qualified for a full-time Teller position. In fact, based on Ms. Rutherford's previous experience over the holidays and during summers from 2000 to 2002, as a "Floater" Bank Teller with Defendant, Ms. Kingsley advised Ms. Rutherford that she did not need to re-take any tests or enroll in the bank-sponsored Teller training program. Ms. Kingsley also encouraged Ms. Rutherford to consider taking a position in the bank opening accounts, known as working the "Platform," as another possible permanent position for Ms. Rutherford with Defendant.

(e) On or about August 23, 2005, Ms. Rutherford was interviewed for a Bank Teller position by Shadia Gray, Defendant's new Branch Manager for the Fifth Avenue Branch Office, and David Panneton, Defendant's new Regional Manager for the PNC's downtown Pittsburgh region. A third manager or supervisor from the Fifth Avenue branch's "platform" unit also interviewed Ms. Rutherford.

3

(f) At the time of her interview, Defendant had knowledge that Ms. Rutherford was pregnant.

(g) Several days after the interview was conducted by Defendant, Ms. Rutherford was informed that she was not selected for the full-time Teller position. Defendant had offered the position to a less-qualified non-pregnant candidate.

(h) Ms. Rutherford was better qualified than the candidate selected for the Bank Teller position based on her college degree and her directly-related experience working for Defendant as a Bank Teller. At all relevant times, Ms. Rutherford had satisfactory performance while working as a Bank Teller for Defendant.

(i) Defendant's reasons for not hiring Ms. Rutherford are pretextual for sex (pregnancy) discrimination.

9. The effect of the practices complained of in paragraph 8 above has been to deprive Ms. Rutherford of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex (pregnancy).

10. The unlawful employment practices complained of in paragraph 8 above were intentional and were done with malice or with reckless indifference to the federally protected rights of Ms. Rutherford.

**PRAYER FOR RELIEF**

11. Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from continuing to refuse to hire

Case 1:05-mc-02025-LL Document 231-1 Filed 09/25/2006 Page 5 of 6

female individuals due to their pregnant status, and, any other employment practice which discriminates on the basis of sex.

      B.    Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities, and which eradicate the effects of its past and present unlawful employment practices.

      C.    Order Defendant to make Ms. Rutherford whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, front pay or instatement.

      D.    Order Defendant to make Ms. Rutherford whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices describe above, including, but not limited to, her losses resulting from humiliation, pain, suffering, mental anguish, and loss of enjoyment of life, in amounts to be determined at trial.

      E.    Order Defendant to pay Ms. Rutherford punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

      F.    Grant such further relief as the Court deems necessary and proper in the public interest.

      G.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
WASHINGTON, DC

*[signature]*
JACQUELINE H. MCNAIR
Regional Attorney

*[signature]*
JUDITH A. O'BOYLE
Supervisory Trial Attorney

*[signature]*
IRIS SANTIAGO-FLORES
Senior Trial Attorney  Pa.Id.No. 60171
Iris.Santiago-Flores@eeoc.gov

*[signature]*
JEAN M. CLICKNER
Senior Trial Attorney
U.S. EEOC, Philadelphia District Office
21 S. 5th Street, Suite 400
Philadelphia, PA 19106
(215) 440-2684(direct)
(215) 440-2828(fax)

6